UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

TIMOTHY GIRARDIN, on behalf of
himself and those similarly situated,

    Plaintiff,

v.                              CASE NO.:

ISLAND CONSTRUCTION, LLC., a
Florida Limited Liability Corporation, and
SHAWN LONGAKER, Individually,

    Defendants
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TIMOTHY GIRARDIN ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, ISLAND CONSTRUCTION, LLC., ("ISLAND CONSTRUCTION"), and SHAWN LONGAKER ("LONGAKER") (collectively, "Defendants") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiff was, and continues to be a resident of Lee County, Florida.

4. At all times material hereto ISLAND CONSTRUCTION was a Florida Limited Liability corporation. Further, at all times material hereto, ISLAND CONSTRUCTION was engaged in business in Florida, with a principle place of business in Lee County, Florida.

5. At all times relevant to this action, LONGAKER was an individual resident of the State of Florida, who owned and operated ISLAND CONSTRUCTION, and who regularly exercised the authority to: (a) hire and fire employees of ISLAND CONSTRUCTION; (b) determine the work schedules for the employees of ISLAND CONSTRUCTION; and (c) control the finances and operations of ISLAND CONSTRUCTION. By virtue of having regularly exercised that authority on behalf of ISLAND CONSTRUCTION, LONGAKER is an employer as defined by 29 U.S.C. 201 et. seq.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

8. At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

9. At all times material hereto, Defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of FLSA.

10. At all times material hereto, Defendants were, and continue to be, enterprises engaged in the "production of goods for commerce" within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

12. At all time material hereto, Defendants employed two or mote employees that handled, sold, or otherwise worked on goods or materials that had been moved or produced for commerce.

13. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

14. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

15. The additional persons who may become plaintiffs in this action are/were hourly-paid, non-exempt "Project Managers" of Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

16. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

17. In approximately June 2008, Defendant hired Plaintiff to work as an hourly paid, non-exempt "Project Manager."

18. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

19. From at least June 2008 and continuing through December 2008, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours

3

worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

20. Defendants have violated Title 29 U.S.C. §207 from at least June 2008 and continuing to date, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendants have failed to maintain proper time records as mandated by the FLSA.

21. Prior the filing of this lawsuit, Plaintiff, through his undersigned attorney, requested all relevant pay and time records from Defendants, by correspondence dated June 3, 2009. A copy of the letters requesting same is attached as Exhibit "A". However, it appears Defendants produced only some of the relevant documents.

22. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff realleges and reavers paragraphs 1 through 21 of the Complaint as if fully set forth herein.

24. From at least June 2008 and until December 2008, Plaintiff worked in excess of

the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

25. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

26. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

27. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

28. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

29. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

30. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

31. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

32. Based upon information and belief, the employees and former employees of

Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendants have failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

　　a.　Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

　　b.　Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

　　c.　Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

　　d.　Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

　　e.　Awarding Plaintiff pre-judgment interest; and

　　f.　Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 8th day of July, 2009.

Respectfully submitted,

*/s/ Andrew Frisch*
Andrew Frisch
FL Bar No.: 27777
MORGAN & MORGAN
6824 Griffin Road
Davie, Fl. 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: AFrisch@forthepeople.com

**Trial Counsel for Plaintiffs**

# EXHIBIT A

# MORGAN & MORGAN®

## A PROFESSIONAL ASSOCIATION

*Attorneys At Law*

**ATTORNEYS AT LAW**

KELLY A. AMRITT
JAMES D. ARNOLD, JR.
RUSSELL E. ARTILLE
H. SCOTT BATES †
ALEXANDER BILLIAS
T. LEE BODIE
SCOTT T. BORDERS †
GREGORY J. BOSSELER
WILLIAM B. BOWLES, JR.
ADAM BRUM
DONALD W. BUCKLER
NICHOLAS A. BUONICONTI, III
KABAH S. BURRELL *****
KEVIN J. CARDEN
BRUCE H. CARRAWAY, III ****
BEVERLY A. CARSON ****
KEITH M. CARTER †
MICHAEL J. CARTER
RICHARD B. CELLER
ALEXANDER M. CLEM
RONALD C. CONNER ****
RAMEL L. COTTON
WILLIAM R. DANIEL
VINCENT M. D'ASSARO †
MICHAEL L. DAVIS
LOUIS A. DEFREITAS, JR.
JOHN W. DILL †
JAMES J. DYE
WILLIAM FINN
GREGORIO A. FRANCIS
ANDREW FRISCH
STEVEN C. GODDARD
MICHAEL GOETZ
CHRISTOPHER J. GRADDOCK ****
RYAN J. HAYES
DAVID G. HENRY
HERBERT H. HOFMANN II
WILLIAM P. HOWARD
KATHERINE V. HUNG****
ANTHONY M. IANNACIO
MARTIN J. JAFFE
VELMA L. JONES
SUMEET KAUL
JAMES W. KEETER
JAMES J. KELLEHER ^ ‡
HANS KENNON
STEPHEN J. KNOX †
RYAN C. KUHL
GRANT A. KUVIN
ARMANDO T. LAURITANO
CLINT M. LAVENDER
CARLOS V. LEACH
JASON R. LEONARD**
JOSEPH A. LINNEHAN †
JAMES T. LYNCH
MICHAEL D. MARRESE
BRIAN K. McCLAIN
W. CHARLES MELTMAR †***
JASON S. MILLER
TODD K. MINER
W. CLAY MITCHELL, JR.
KEITH R. MITNIK †
DAVID B. MOFFETT †
HECTOR A. MORE
C. RYAN MORGAN
JOHN B. MORGAN
ULTIMA D. MORGAN
DAVID H. MOSKOWITZ ****
HENRY P. MOWRY
OMAR L. NELSON *****
DANIEL A. NEWLIN △
CHRISTOPHER H. NEYLAND*****
KEENAN R.S. NIX †****
DONNY A. OWENS
NICHOLAS P. PANAGAKIS
R.A. PATTERSON, III
KIRK A. PERROW
RONSON J. PETREE
FRANK W. PIAZZA
E. NANNETTE PICCOLO
GREGORY D. PRYSOCK †
MICHAEL T. REESE
GARRY J. RHODEN ♦
DAVID I. RICKEY *
DARRYL E. ROUSON
CAROLYN M. SALZMANN
ROBERT J. SCANLAN
RANDY E. SCHIMMELPFENNIG †
JAMES H. SCHMITT
P. CHRIS SCHROEDER
JOSEPH H. SHAUGHNESSY
DANIEL W. SHEPPARD †
CHRISTOPHER M. SIMON ****
MICHAEL J. SMITH
DAVID A. SPAIN
DEIRDRE M. STEPHENS-JOHNSON****
CRAIG R. STEVENS †
L. CHRIS STEWART ****
MICHAEL F. SUTTON †
HARRAN E. UDELL
SCOTT J. URICCHIO
BASIL A. VALDIVIA
BRIAN C. VIGNESS †
IVAN D. VORONEC *
SCOTT WM. WEINSTEIN
SCOTT M. WHITLEY †

**OFFICES:**

16th FLOOR
20 N. ORANGE AVENUE
POST OFFICE BOX 4979
ORLANDO
FLORIDA 32802-4979
(407) 420-1414
16th FAX: (407) 425-8171
9th FAX: (407) 841-9520
10th FAX: (407) 425-9858
4th FAX: (407) 420-5956

SUITE 700
ONE TAMPA CITY CENTER
TAMPA
FLORIDA 33602
(813) 223-5505
FAX: (813) 223-5402

SUITE 600
ONE UNIVERSITY PARK
12800 UNIVERSITY DRIVE
POST OFFICE BOX 9504
FT. MYERS
FLORIDA 33906-9504
(239) 433-6880
FAX: (239) 433-6836

SUITE 1100
76 SOUTH LAURA STREET
JACKSONVILLE
FLORIDA 32202-3433
(904) 398-2722
FAX: (904) 398-2334

SUITE 4200
191 PEACHTREE STREET NE
ATLANTA
GEORGIA 30303
(404) 965-8811
FAX: (404) 965-8812

SUITE 3
6824 GRIFFIN ROAD
DAVIE
FLORIDA 33314
(954) 318-0268
FAX: (954) 333-3515

SUITE 777
ONE JACKSON PLACE
188 E. CAPITOL STREET
JACKSON
MISSISSIPPI 39201
(601) 949-3388
FAX: (601) 949-3399

198 BROADWAY AVE.
KISSIMMEE
FLORIDA 34741
(407) 452-6990
FAX: (407) 452-6989

SUITE 150J
695 CENTRAL AVENUE
ST. PETERSBURG
FLORIDA 33701
(727) 490-2001
FAX: (727) 490-2015

www.forthepeople.com

OF COUNSEL
HORACE R. BROADNAX
RICHARD I. CERVELLI
***** MICHAEL ESPY
MICHAEL K. HOUTZ
J. MICHAEL PAPANTONIO
CLAY M. TOWNSEND

† BOARD CERTIFIED
  CIVIL TRIAL LAWYER
* BOARD CERTIFIED
  WORKERS COMPENSATION
  LAWYER
** LICENSED IN ARIZONA ONLY
*** LICENSED IN WASHINGTON, D.C. ONLY
**** LICENSED IN GEORGIA ONLY
***** LICENSED IN MISSISSIPPI ONLY
^ LICENSED IN NEW YORK
‡ LICENSED IN GEORGIA
△ LICENSED IN ILLINOIS
♦ LICENSED IN KY, FL, MS, TN

REPLY TO DAVIE

June 3, 2009

**VIA CERTIFIED MAIL**
**Return Receipt Requested**

ISLAND CONSTRUCTION, LLC.
Shawn Longaker, Registered Agent and Individually
28121 Cetation Way
Bonita Springs, FL 34135

      RE:    Timothy Girardin

To whom it may concern:

Please note that the undersigned law firm has been retained to represent Timothy Girardin, in his claim for unpaid wages against your company and you individually. Our investigation of these claims to date leads to the conclusion that your pay practices with regard to our client constitute a violation of the law. Therefore, in an effort to further investigate the nature of these violations/claims in a timely and cost effective manner, and so that we may continue our investigation of this matter, please provide the undersigned with any and all pay and time records pertaining to Timothy Girardin, for any work performed on the company's behalf during the last three (3) years. **To the extent we do not timely receive same within five (5) calendar days from the above date, we will proceed accordingly.**

On a related note, we respectfully request that you do not contact or attempt to contact our client directly regarding this matter. To that end, please direct any and all communication or payments regarding this matter directly to the undersigned. Additionally, please be aware that the law prohibits anyone from discriminating or retaliating against a current or former employee for pursuing their right to unpaid wages. Therefore, to the extent any attempt is made to penalize, discipline, punish, threaten, intimidate, or discriminate against our client, we will pursue a claim for retaliation pursuant to 29 U.S.C. §215(a)(3).

Thank you for your attention to this matter. We look forward to hearing from you.

Very Truly Yours,

*Andrew R. Frisch*    SIGNED IN ATTORNEY
                               FRISCH'S ABSENCE TO
                               EXPEDITE DELIVERY

Andrew Frisch, Esq.
MORGAN & MORGAN, P.A.

———————— For The People ————————